IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN THOMAS YELVERTON, <br> Plaintiff, <br><br> v. <br><br> PHYLLIS Y. EDMUNDSON and <br> YELVERTON FARMS, LTD., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 5:15-CV-00134-F |
| STEPHEN THOMAS YELVERTON, <br> Plaintiff, <br><br> v. <br><br> YELVERTON FARMS, LTD. <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 5:16-CV-00031-F |

## ORDER

Before the court is the motion to dismiss the amended complaint filed by Yelverton Farms, Ltd. ("Defendant"). [DE-22, No. 5:16-CV-31-F].[1] On February 21, 2017, United States Magistrate Judge Robert B. Jones, Jr. issued a Memorandum and Recommendation ("M&R") recommending the court grant Defendant's motion. [DE-75, No. 5:15-CV-134-F]. Plaintiff

---

[1] On June 24, 2016, the court consolidated related cases 5:15-CV-134-F and 5:16-CV-31-F, designating case number 5:15-CV-134-F as the lead case and ordering that all future pleadings and orders be filed in case number 5:15-CV-134-F. On October 12, 2016, the court dismissed Plaintiff's claims in the lead case. Accordingly, the magistrate judge's recommendations here relate to the Amended Complaint filed in case number 5:16-CV-31-F only.

Unless otherwise indicated, docket entries cited in this order are filed under the lead case number, 5:15-CV-134-F.

objected and Defendant responded thereto [DE-76, -77]. For the reasons stated below, the court ADOPTS the M&R and ALLOWS Defendant's motion.[2]

## I. STANDARD OF REVIEW

A district court may "designate a magistrate judge ... to submit ... proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II. DISCUSSION

Plaintiff raises six objections, claiming that: (1) the District Court lacks subject matter jurisdiction to act on the merits of Plaintiff's claims;[3] (2) Plaintiff is an assignee of claims and stock rights in Yelverton Farms, Ltd.; (3) the court improperly took judicial notice of rulings from other courts; (4) a fiduciary relationship exists between Plaintiff and Yelverton Farms, Ltd.; (5) Plaintiff adequately pleaded all elements of defamation; and (6) Plaintiff adequately pleaded all elements of interference with contract.

### 1. Objection One

Plaintiff first argues that operation of the *Burford* abstention doctrine in this case precludes the court's subject matter jurisdiction. Accordingly, Plaintiff contends "this proceeding

---

[2] The factual and procedural history of this case is fully and accurately summarized in the M&R and will not be repeated here.

[3] In the current action, Plaintiff seeks (1) judicial receivership, liquidation, and dissolution of Yelverton Farms, Ltd., a North Carolina corporation, and (2) damages flowing from violations of North Carolina's Unfair and Deceptive Trade Practices Act (the "UDTP claim").

2

must be referred to the North Carolina Business Court, or other state courts, for resolution on the merits, without any rulings on the merits by the District Court." Obj. M&R [DE-76] ¶ 4.

Plaintiff's arguments on this point reflect a misapprehension of both the nature of *Burford* abstention and the authority of this court. Under the *Burford* doctrine, "[a] federal court may abstain from hearing a case or claim *over which it has jurisdiction* to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation." *Friedman v. Revenue Mgmt. of N.Y., Inc.*, 38 F.3d 668, 671 (2nd Cir. 1994) (quoting *Burford v. Sun Oil Co.*, 319 U.S. 315, 332 (1943)). Thus, a court dismissing a claim pursuant to *Burford* is not deprived of jurisdiction, but declines to exercise the jurisdiction it has.[4] Regardless of the existence or lack of subject matter jurisdiction, however, federal courts do not possess the authority to "refer" cases to state courts.

### 2. *Objection Two*

Plaintiff next argues that the magistrate judge's conclusion is erroneous with regard to Plaintiff's standing as an assignee of claims and his stock ownership. In its October 12, 2016 Order (the "October 2016 Order"), the court discussed these topics and concluded that Plaintiff had no ownership in Yelverton Farms, Ltd. stock. [DE-67]. The same rationale and conclusion apply here. Because Plaintiff was not a Yelverton Farms, Ltd. stockholder, he lacks standing and his claims for judicial receivership, liquidation, and dissolution of the corporation must be dismissed.

---

[4] Unlike in the lead case, Defendant does not argue—and the magistrate judge does not conclude—that the court lacks subject matter jurisdiction. Nonetheless, it appears subject matter jurisdiction may be lacking in this case for the same reasons addressed by the court's order dismissing the lead case. *See* Oct. 12, 2016 Order [DE-67]. Because the court finds dismissal on other grounds appropriate, it does not address subject matter jurisdiction here.

3

### *3. Objection Three*

The court acknowledges but declines to discuss Plaintiff's third objection. The court addressed similar arguments in the October 2016 Order. [DE-67] at 9. The same rationale and conclusion apply here. The magistrate judge did not improperly take judicial notice of rulings from other courts.

### *4. Objection Four*

Next, Plaintiff objects to the magistrate judge's conclusion that no fiduciary relationship exists between Plaintiff and Yelverton Farms, Ltd. Plaintiff argues that Yelverton Farms, Ltd. owed him fiduciary duties by virtue of its position as his agent. The magistrate judge concluded that Plaintiff failed to adequately allege the existence of such an agency.

"Consent of both principal and agent is necessary to create an agency. The principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of parties must find expression either in words or conduct between them." *Ellison v. Hunsinger*, 237 N.C. 619, 628, 75 S.E.2d 884, 891 (1953) (quoting 2 Am. Jur., Agency, s 21). Plaintiff does not argue that he has sufficiently alleged Yelverton Farms, Ltd.'s consent to act as his agent. Rather, Plaintiff notes that agency "may also arise by necessity or by estoppel" and that "as a matter of law, business partners are fiduciaries to each other." Obj. M&R [DE-76] ¶ 34–35.

While an agency may be created by necessity or estoppel, such an agency only arises "with respect to third persons" who might rely on its existence. *Ellison*, 237 N.C. at 628, 75 S.E.2d at 891. Here, no third party claims the existence of an agency relationship between Plaintiff and Yelverton Farms, Ltd., and Plaintiff has not alleged facts demonstrating a business partnership. Accordingly, Plaintiff's alternative agency theories are inapplicable. Because

4

Case 5:16-cv-00031-F   Document 34   Filed 03/30/17   Page 4 of 5

Plaintiff fails to sufficiently allege the existence of a fiduciary relationship with Yelverton Farms, Ltd., his UDTP claim based on such a relationship must be dismissed.

### 5. *Objections Five and Six*

As for Plaintiff's remaining objections, the court notes that the magistrate judge's conclusions on these issues are the bases for *alternative* grounds for dismissal. Plaintiff has not pleaded either defamation or interference with contract as freestanding claims, but as the conduct by which Yelverton Farms, Ltd. breached its fiduciary duties to Plaintiff. The magistrate judge's primary ground for recommending dismissal is Plaintiff's failure to sufficiently allege a fiduciary relationship with Yelverton Farms, Ltd. Because the court agrees that no such fiduciary relationship has been adequately alleged, it need not reach any alternative grounds for dismissal.

## III. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1) The Memorandum and Recommendation [DE-75] is ADOPTED;

(2) Defendant's motion to dismiss [DE-22, No. 5:16-CV-31-F] is ALLOWED; and

(3) Plaintiff's amended complaint against Yelverton Farms, Ltd. [DE-20, No. 5:16-CV-31-F] is DISMISSED WITH PREJUDICE.

SO ORDERED.

This, the 3 0 day of March, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge